Honorable Mary Alice Theiler

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TONY LEE WILLIAMS,<br><br>Defendant. | CASE NO. MJ19-465<br><br>COMPLAINT FOR VIOLATION<br><br>21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) |

BEFORE the Honorable Mary Alice Theiler, United States Magistrate Judge, Seattle, Washington.

The undersigned complainant, being duly sworn, states:

## COUNT 1
### Possession with Intent to Distribute Cocaine

On or about September 30, 2019, in Bellingham, within the Western District of Washington, TONY LEE WILLIAMS did knowingly and intentionally possess, with intent to distribute, cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COMPLAINT/UNITED STATES v. TONY LEE WILLIAMS - 1
MJ19-465

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## COUNT 2
### Possession with Intent to Distribute Heroin

On or about September 30, 2019, in Bellingham, within the Western District of Washington, TONY LEE WILLIAMS did knowingly and intentionally possess, with intent to distribute, heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The undersigned complainant being duly sworn further states:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) assigned to the Bellingham, Washington Resident Agency, of the Seattle, Washington Field Office. I have been an FBI Special Agent for approximately five years. Prior to that, I was a military intelligence officer for approximately five years. I am an investigative and law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). My duties as a Special Agent include the full-time investigation of a wide range of federal criminal offenses, including violations of the Controlled Substances Act. My responsibilities include overseeing the Northwestern Safe Trails Task Force, which focuses on the investigation of violent crime, narcotics trafficking, and other federal offenses in Northwest Washington's Indian Country. I have received specialized training in the enforcement and investigation of the Controlled Substance Act. I have received classroom training including but not limited to, drug identification, drug interdiction, detection, and the investigation of individuals and/or organizations involved in the illegal possession, possession for sale, sales, importation, smuggling, cultivation, manufacturing and trafficking of controlled substances.

2. Over the last ten years of law enforcement employment, I have received training from the FBI and the U.S. military specific to the identification and investigation of drug related crimes. In my role as a Special Agent for the FBI, I have participated in narcotics investigations involving heroin, fentanyl, cocaine, marijuana, and methamphetamine which have resulted in the arrest of individuals, the seizure of

COMPLAINT/UNITED STATES v. TONY LEE WILLIAMS - 2
MJ19-465

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

narcotics and/or narcotic-related evidence, and the forfeiture of narcotics related assets. I have been involved in the service of search warrants as part of these investigations. As a result of my training and experience, I am familiar with the various tools, methods, trends, paraphernalia and related articles used by various traffickers in their efforts to conceal and distribute controlled substances. I am also familiar with the manner in which drug traffickers use telephones, often cellular telephones, to conduct their unlawful operations.

3. The statements contained in this affidavit are based upon my investigation and information provided to me by other law enforcement officers. I have not included each and every fact known to me or other investigative personnel concerning this investigation. I have set forth only the facts I believe are necessary to establish probable cause to believe that TONY LEE WILLIAMS has committed the crimes of Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Possession with Intent to Distribute Heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**PROBABLE CAUSE**

4. At approximately 6:00 PM on September 30, 2019, I received a phone call from Lummi Nation Police Detective Brandon Gates. Detective Gates informed me that a suspected overdose death had occurred at a residential address on the Lummi Reservation. Based on information first responders gathered when they arrived on scene, first responders attempted to administer overdose medical aid including NARCAN (a nasal spary used for the treatment of an opioid emergency and/or overdose), but later pronounced Jane Doe dead. I responded to the Lummi Nation Police Department to further investigate the matter.

5. When Lummi police officers responded to the scene of the overdose, they located Jane Doe's body in the bathtub, and also located a purse containing Jane Doe's

COMPLAINT/UNITED STATES v. TONY LEE WILLIAMS - 3
MJ19-465

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

identification card and a blue pill crusher. Inside of the blue pill crusher was a white powdery residue.

6. While at the scene of the overdose, Detective Gates interviewed Jane Doe's boyfriend, who reported that earlier in the day, Jane Doe had received a light blue "oxy 30" pill from an adult male with the initials N.C. Jane Doe's boyfriend reported that he and Jane Doe had shared the pill earlier on September 30th, sometime between 3:00 P.M. and 3:30 P.M. He also reported that he believed Jane Doe may have had an extra pill left over which he believed she likely took after they had shared the first pill.

7. After interviewing Jane Doe's boyfriend, Lummi Nation Detectives Gates and Richard Hart contacted N.C. at another residence on the Lummi Reservation. N.C. stated that he had given a pill to Jane Doe earlier that day. N.C. then showed detectives a ziplock bag of pills. N.C. showed the detectives where he had hidden the bag in a truck at the residence where he was interviewed. Detectives noted that the bag contained 16.25 light blue pills. The pills had an "M" imprinted on one side and the pills were scored on the other side with a "30" above the score. Based on my training and experience, I know that Oxycodone Hydrochloride 30 mg pills bear these same markings.

8. Detectives transported N.C. to the Lummi Nation Police Department for further questioning. There, Detective Gates and I advised N.C. of his *Miranda* rights. N.C. waived his rights and agreed to speak with us. N.C. stated that Jane Doe had contacted him earlier on September 30 requesting "pills." N.C. reported that he initially told Jane Doe that he did not have any pills; however, N.C. reported that he contacted Jane Doe later on September 30, between 12:30 and 1:00 PM, to let her know that he had some pills. N.C. reported that he told Jane Doe to come to his house. N.C. reported that when she arrived, N.C. gave her a pill. N.C. said that Jane Doe left shortly afterwards. N.C. said that later on September 30, a family member called to tell him that Jane Doe had died.

9. N.C. reported that when he learned of Jane Doe's death he hid the bag of pills in the truck because he knew the police would come to his house. N.C. reported that

COMPLAINT/UNITED STATES v. TONY LEE WILLIAMS - 4
MJ19-465

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

he had bought the pills in the ziplock bag from an individual at an apartment located at XXXX Maplewood Avenue in Bellingham (the "Apartment"), earlier in the day on September 30, 2019. N.C. stated that on three prior occasions over the last two months, he and his sister had purchased similar pills at the Apartment. N.C. reported that on each occasion, he remained in his vehicle while his sister went into the Apartment to purchase the pills. N.C. said that from his vehicle, he was able to view his sister enter the Apartment. Based on information provided by his sister, N.C. believed that the person supplying the pills at the Apartment was a black male with the street name "Money." Initially N.C. was not able to recall the exact address of the Apartment. During his interview, Detective Gates and I took N.C. out in a car and requested he direct us to the Apartment where he had purchased the pills. N.C. directed us to the Apartment. Once there, N.C. identified and confirmed that the Apartment was the location where he and his sister had purchased pills on each prior, reported occasion.

10. On the evening of September 30, 2019, SA Terry Getsch and a Lummi Detective made contact with N.C.'s sister at her parents' residence on the Lummi Reservation. N.C.'s sister voluntarily consented to go to the Lummi Police Department to be interviewed and was provided a ride there. While at the Department, N.C.'s sister was again advised that she was free to leave, and she consented to being interviewed. During the interview, N.C.'s sister advised that she was familiar with a black male subject that went by the name "Money." N.C.'s sister explained that she met Money at the clubs downtown, and purchased pills from Money on two or three prior occasions.

11. According to N.C.'s sister, the first time she purchased pills from Money was approximately a month ago, the second time was several weeks later, and the last time she believed to be on the prior Sunday. N.C.'s sister said that her brother was a fisherman and had money from fishing. He used her to buy pills because of her connections and ability to get pills. On the last day she purchased pills from Money, N.C.'s sister said that she and N.C. drove to the Apartment, but Money was not there, so she then visited the Apartment later in the evening to find him. N.C.'s sister said that

COMPLAINT/UNITED STATES v. TONY LEE WILLIAMS - 5
MJ19-465

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

N.C. gave her six $100 bills. They parked a short way from the Apartment, and she walked to the Apartment and saw Money outside. N.C.'s sister said that she asked to buy pills from Money, and bought all 18 pills that Money had in his pocket in a small bag with $ signs on it. N.C.'s sister described the pills as small round blue Oxy 30s, and said she looked up the pills online to make sure they were right. When she tried the pills she could tell that they were opiates. N.C.'s sister said that she had used approximately one pill since she purchased them, and N.C. had the rest of the pills. When shown the bag with the pills that had been seized from N.C., his sister advised that they appeared to be the same pills that she had purchased from Money.

12. N.C.'s sister viewed a digital version of Google maps and identified the Apartment as located at the Maplewood Apartments off of West Maplewood Ave where she and N.C. purchased the pills. She described the apartment as a two story apartment with an interior stair well, and said that Money's apartment was approximately seven apartment units from the rear of the complex.

13. Detective Hart contacted a Whatcom County Deputy to see if he had any information on an individual in the area by the street name of "Money." The Deputy is a member of the County Interdiction Team. This is a team that specializes in drug investigations and interdiction. The Deputy advised that he knew the name "Money" to be associated with three individuals that he identified. The Deputy believed one of the individuals is currently incarcerated, which agents subsequently confirmed. Agents also confirmed that the second individual did not have any recent contacts with law enforcement in the local area. The third individual, according to the deputy, was an individual with the initials G.T.

14. I conducted a Washington State Department of Licensing query of G.T. and the results revealed that his registered address is the Apartment.

15. On October 1, 2019, Chief Magistrate Judge Brian A. Tsuchida issued a search warrant for the Apartment, and agents executed the warrant. Two individuals – an

COMPLAINT/UNITED STATES v. TONY LEE WILLIAMS - 6
MJ19-465

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 adult female and an adult male – were in the Apartment at the time the warrant was
2 executed. Neither individual was G.T.

3     16.     The male individual was later identified to be TONY LEE WILLIAMS.
4 Previously, N.C.'s sister had described the person she purchased the pills from the
5 Apartment from as a male approximately 33 years old, approximately 6ft tall, with
6 trimmed facial hair around his mouth, and as somebody who often wears a hat or "dew
7 rag." Agents confirmed that WILLIAMS matched the description of the individual
8 provided by N.C.'s sister.

9     17.     Agents interviewed WILLIAMS and advised him of his *Miranda* rights.
10 He waived his rights and agreed to speak with us. WILLIAMS advised that he lived in
11 the back bedroom on the second floor of the Apartment. He further advised that he had
12 cocaine, heroin, Oxy pills, and a pistol in his bedroom. He said that he found the pistol
13 and the drugs in the trunk of a Ford Mustang he had recently purchased and that he had
14 removed them from the Mustang, which he subsequently sold. However, he later changed
15 his story and said that he only found the pistol, cocaine, and heroin in the Mustang, but
16 the pills were his and they did not come from the Mustang.

17     18.     WILLIAMS advised that he sells the Oxy pills and has been selling them
18 for a while. He has sold approximately 200 of these pills in total over an extended period
19 of time. WILLIAMS said he sells the pills for $25 each. WILLIAMS stated that on
20 September 30, 2019, he sold pills to at least two bouncers from local nightclubs and to a
21 female from the Reservation. The first name WILLIAMS provided for the female from
22 the reservation matches the first name of N.C.'s sister. WILLIAMS said that the female
23 came to the Apartment earlier that day to buy pills, and he sold her approximately 22
24 pills. WILLIAMS also said that he saw N.C.'s sister arrive in a vehicle and observed a
25 male sitting in her vehicle waiting for her while WILLIAMS sold her the pills.

26     19.     WILLIAMS further advised that he buys the pills from a man from Mount
27 Vernon, and that he has known this man for approximately two years. WILLIAMS
28 reported that he did not know much more about his supplier, other than the supplier's first

COMPLAINT/UNITED STATES v. TONY LEE WILLIAMS - 7
MJ19-465

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

name (which WILLIAMS provided). WILLIAMS explained that the man comes up from Mount Vernon and drops off the pills to WILLIAMS at the Apartment.

20. WILLIAMS advised that his nickname is "Money" and that he's had this nickname since he was a teenager. Based off my training and experience, I know that it is common for drug dealers to use the moniker "Money" and it is not a nickname that is unique to one person.

21. Among other things, agents seized from the back bedroom on the second floor of the Apartment approximately 38 grams of a white powder of suspected cocaine, which field tested positive for the presence of cocaine, approximately 8 grams of suspected heroin, which field tested positive for the presence of heroin, approximately 30 Oxy pills, a spoon with dark residue, two Digi Weigh scales with residue, a 100 round box of Remington 380 rounds that had 91 rounds in it, a pistol magazine with 380 rounds in it, and a 380 semi-auto Super Titon pistol with the serial number removed.

//
//
//

COMPLAINT/UNITED STATES v. TONY LEE WILLIAMS - 8
MJ19-465

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CONCLUSION**

21.	Based on the foregoing, I respectfully submit there is probable cause to believe that the Defendant, TONY LEE WILLIAMS has committed the crimes of Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) & 841(b)(C); and Distribution of ~~Methamphetamine~~ Heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

JACK KANE, Complainant
Special Agent, FBI

Based on the Complaint and Affidavit sworn to before me, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

DATED this 1 day of October, 2019.

MARY ALICE THEILER
United States Magistrate Judge

COMPLAINT/UNITED STATES v. TONY LEE WILLIAMS - 9
MJ19-465

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970